Nathan A. Shaman (SBN 272928)
THE LAW OFFICES OF NATHAN SHAMAN
6435 Caminito Blythefield, Suite H
San Diego, CA 92037
Telephone: (858) 729-1802
Facsimile: (858) 737-5123
Email: nathan@shamanlegal.com

Attorney for Plaintiffs Deborah Little
and Dennis Little

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH DEE LITTLE and DENNIS GEORGE LITTLE, | Case No.: **'14CV2181 BAS JMA** |
| Plaintiffs, | **COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| WILLIAM D. GORE, as Sheriff for the County of San Diego, SHELLEY ZIMMERMAN, as Chief of Police for the City of San Diego, MATT STEVENS, as an individual and Deputy Sheriff for the County of San Diego, EVAN SOBCZAK, as an individual and Deputy Sheriff for the County of San Diego, PAUL PAXTON, as an individual and Detective for the San Diego Police Department, and JUSTIN FAW, as an individual and Special Agent for the Drug Enforcement Administration, | |
| Defendants. | |

1

Complaint

1  Plaintiffs DEBORAH DEE LITTLE (DEBORAH) and DENNIS GEORGE
2  LITTLE (DENNIS) (together, the LITTLES) bring this action against Defendants
3  WILLIAM D. GORE, Sheriff for the County of San Diego (GORE), SHELLEY
4  ZIMMERMAN, Chief of Police for the City of San Diego (ZIMMERMAN), MATT
5  STEVENS (STEVENS), as an individual and Deputy Sheriff for the County of San
6  Diego, EVAN SOBCZAK (SOBCZAK), as an individual and Deputy Sheriff for the
7  County of San Diego, PAUL PAXTON (PAXTON), as an individual and Detective for
8  the San Diego Police Department, and JUSTIN FAW (FAW), as an individual and
9  Special Agent for the Drug Enforcement Administration. The LITTLES seek
10 compensatory and punitive damages for violations of their Fourth, Fifth, and Fourteenth
11 Amendment rights.

## JURISDICTION

13 1.  The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 because
14 this action is brought pursuant to 42 U.S.C. § 1983 and involves a federal question. The
15 Court has personal jurisdiction over all Defendants pursuant to Cal. Code Civ. Proc. §
16 410.10, which permits jurisdiction over a person to the extent permitted by the United
17 States Constitution, because each of them resides in the Southern District of California.
18 This Court has venue pursuant to 28 U.S.C. § 1391(b)(1)-(b)(2).

## PARTIES

20 2.  Plaintiff Dennis George Little is and at all times relevant was an individual
21 and a resident of Ramona, in the unincorporated area of the County of San Diego,

California. At all times relevant, DENNIS was 62 years old and suffered from several serious ailments including neuropathy and depression.

3. Plaintiff Deborah Dee Little is and at all times relevant was an individual and a resident of Ramona, in the unincorporated area of the County of San Diego, California. At all times relevant, DEBORAH was 58 years old and suffered from several serious ailments such as HIV and was a survivor of cervical cancer.

4. Defendant William D. Gore is the Sheriff for the County of San Diego, California. Upon information and belief, GORE is the chief policymaker and decisionmaker for the San Diego County Sheriff's Department on the use of force and the disposition of evidence.

5. Defendant Shelley Zimmerman is the Chief of Police for the San Diego Police Department. Upon information and belief, ZIMMERMAN is the chief policymaker and decisionmaker for the San Diego Police Department on the use of force and the disposition of evidence.

6. Defendant Matt Stevens is and at all relevant times was an individual and, upon information and belief, a Deputy Sheriff with the San Diego County Sheriff's Department.

7. Defendant Evan Sobczak is and at all relevant times was an individual and, upon information and belief, a Deputy Sheriff with the San Diego County Sheriff's Department.

///

1    8.      Defendant Paul Paxton is and at all relevant times was an individual and, upon information and belief, a Detective with the San Diego Police Department.

9.      Defendant Justin Faw is and at all relevant times was an individual and, upon information and belief, a Special Agent with the Drug Enforcement Administration.

## FACTUAL BACKGROUND

10.     The LITTLES re-allege and incorporate by reference each and every previous paragraph as though set forth here in full.

11.     On October 16, 2012, STEVENS swore an affidavit to the Honorable David M. Rubin of the San Diego County Superior Court in support of his request for a search warrant of the property at 931 Old Julian Highway, Ramona, County of San Diego, California (Subject Property). At all relevant times, the LITTLES were the owners and occupants of the Subject Property.

12.     In the affidavit, STEVENS stated that he observed "well over 100 growing marijuana plants" at the Subject Property while conducting aerial reconnaissance on September 17, 2012 and October 11, 2012. Upon information and belief, STEVENS knew from his observations that there were well under 100 marijuana plants on the Subject Property but embellished his observations in order to deceive Judge Rubin into issuing a search warrant.

13.     Additionally, in the affidavit STEVENS made no mention of California's laws permitting the cultivation of medical marijuana and made no effort to ascertain the

legality of the cultivation site prior to submission of the affidavit.

14. Subsequently, Judge Rubin issued San Diego search warrant number 43606 for the search of the Subject Property and seizure of any marijuana at the Subject Property.

15. At approximately 5:00 a.m. on October 17, 2012, STEVENS, SOBCZAK, PAXTON, FAW, and other members of the San Diego County Integrated Narcotics Task Force (NTF) executed the search warrant at the Subject Property.[1]

16. Upon information and belief, prior to the execution of the warrant, none of the NTF officers made any attempt to contact the occupants of the Subject Property. Rather, the NTF officers, dressed in military-style fatigues and armed with firearms, some of which were assault rifles, stormed the Subject Property in a SWAT-style raid with weapons drawn.

17. Upon entering the Subject Property, the NTF officers located DENNIS in the backyard of the Subject Property as he was walking around his yard. At that time, the NTF officers arrested DENNIS and put him in handcuffs.

18. STEVENS questioned DENNIS without reading him *Miranda* rights despite keeping DENNIS in handcuffs and despite the fact that NTF officers dressed in military-style fatigues with assault rifles were scattered about the Subject Property.

///

---

[1] At times "the NTF officers" will be used to refer to Stevens, Sobczak, Paxton, Faw, and all other members of the Narcotics Task Force that were present for convenience or where it is unknown exactly which Defendants were responsible.

19. Soon thereafter, NTF officers came upon DEBORAH outside of a trailer on the Subject Property. At that time, DEBORAH informed the NTF officers that she had been sick for the past two months with pneumonia. Nonetheless, SOBCZAK arrested DEBORAH by putting handcuffs on DEBORAH's wrists behind her back and locking her in the rear seat of his patrol vehicle with the air conditioning running, despite the cold air outside.

20. After an unknown period of time, STEVENS questioned DEBORAH without reading her *Miranda* rights.

21. After being questioned by STEVENS and after an unknown period of time, SOBCZAK removed DEBORAH from the patrol vehicle, escorted her back onto the Subject Property, and ordered her to remain seated in a chair. Before she sat down, DEBORAH informed the NTF officers that the chair was on top of an anthill of red ants and that she was extremely allergic to red ants, that she was very cold, and that she was suffering from various symptoms of HIV. Moreover, DEBORAH was wearing only shorts and a t-shirt. Nonetheless, the NTF officers required DEBORAH to remain seated in the chair.

22. After being arrested, on several occasions DEBORAH also informed the NTF officers that she needed to use the bathroom and could not control her bladder because of radiation damage to her bladder and intestines from her cancer treatment. Nonetheless, the NTF officers did not allow DEBORAH to use the bathroom. As such, DEBORAH involuntarily relieved herself while seated outside and was unable to change

into clean clothing until the NTF officers left the Subject Property.

23. In the course of the search of the LITTLES' residence, the NTF officers discovered that DEBORAH maintained a cattery for Bengal kittens. At several points during the search, the NTF officers threatened the LITTLES with calling animal control to remove the cats from the Subject Property despite having no cause to believe the animals were being mistreated, abused, or maintained in violation of the law.

24. At the time of the search, both DENNIS and DEBORAH were valid qualified patients under Cal. Health & Safety §§ 11362.5 and 11362.765 and DENNIS was DEBORAH's primary caregiver as defined in Cal. Health & Safety §§ 11362.5 and 11362.765. Additionally, the NTF officers were aware of these facts based on the LITTLES' own statements and based on the physician's recommendations for the use of marijuana the NTF officers located, which named both DENNIS and DEBORAH.

25. In the course of conducting the search, the NTF officers located what STEVENS claimed in testimony was over 640 pounds of marijuana in the form of untrimmed buds, packaged marijuana, and marijuana edibles. In reality, the LITTLES were in possession of far less processed and unprocessed marijuana.

26. The next day, the NTF officers destroyed the LITTLES marijuana. Upon information and belief, after the search was over, the NTF officers transported the LITTLES' marijuana to the Miramar Landfill in San Diego County where they dumped it.

///

27. On November 5, 2012, the San Diego County District Attorney filed a complaint in case number SCN312959 in the North County Division of the San Diego County Superior Court charging each of the LITTLES with one count of unlawful possession of marijuana for sale in violation of Cal. Health & Safety § 11359 and one count of unlawful cultivation of marijuana in violation of Cal. Health & Safety § 11358.

28. In the course of pretrial hearings, the LITTLES filed a motion to exclude evidence pursuant to *Arizona v. Youngblood*, 488 U.S. 51 (1988) and *California v. Trombetta*, 467 U.S. 479 (1984) for violations of the Fourteenth Amended to the U.S. Constitution. The trial court granted the motion, finding that the NTF officers had violated the LITTLES's due process rights by destroying material, exculpatory evidence.

29. At the end of the trial, the jury returned a verdict of not guilty on the charge of unlawful possession of marijuana for sale and was hopelessly deadlocked 9-3 in favor of the LITTLES on the charge of unlawful cultivation of marijuana. The trial court dismissed the cultivation count in the furtherance of justice pursuant to Cal. Penal Code § 1385.

## FIRST CLAIM FOR VIOLATION OF 42 U.S.C. § 1983: SEARCH AND SEIZURE UNSUPPORTED BY WARRANT

30. The LITTLES re-allege and incorporate by reference each and every previous paragraph as though set forth here in full.

31. By engaging in the conduct described in paragraphs 1-29 above, STEVENS made fraudulent statements in his warrant affidavit concerning the amount of marijuana

1   on the Subject Property and the implications of California's medical marijuana laws in

2   an effort to subvert the magistrate's neutral function in issuing warrants, in violation of

3   the Fourth and Fourteenth Amendments to the U.S. Constitution.

4       32.   As a proximate result of STEVENS's conduct, Judge Rubin issued a

5   warrant that was not in fact supported by probable cause, which led to an illegal search

6   of the Subject Property by the NTF officers, the illegal arrest of the LITTLES, and the

7   illegal seizure and destruction of the LITTLES' marijuana.

8       33.   As a further proximate result of STEVENS's conduct and as a proximate

9   result of the NTF officers' search and seizure, the LITTLES suffered mentally and

10  emotionally and suffered the loss of their rightful property.

11      34.   Upon information and belief, STEVENS's conduct was motivated by evil

12  motive and intent, including discrimination against all users of marijuana, regardless of

13  legal status under California law.

14      35.   Moreover, by engaging in the conduct described above, STEVENS

15  exhibited reckless and callous indifference to the LITTLES' rights under the Fourth and

16  Fourteenth Amendments to the U.S. Constitution.

17  **SECOND CLAIM FOR VIOLATION OF 42 U.S.C. § 1983: UNREASONABLE**

18  **SEARCH**

19      36.   The LITTLES re-allege and incorporate by reference each and every

20  previous paragraph as though set forth here in full.

21  ///

37. By engaging in the conduct described in paragraphs 1-29 above, the NTF officers conducted an unreasonable search of the Subject Property in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution by assaulting the Subject Property in a SWAT-style raid wearing military fatigues and using assault rifles.

38. On information and belief, at all times relevant, GORE and ZIMMERMAN each had promulgated, adopted, ratified, and acquiesced to policies, procedures, and customs governing the conduct of investigations and execution of search warrants relating to marijuana offenses that cause police officers to conduct such investigations and execute such warrants in violation of the Fourth and Fourteenth Amendments.

39. As a proximate result of the NTF officers' conduct and GORE's and ZIMMERMAN's policies, procedures, and customs, the LITTLES suffered mentally and emotionally.

40. Upon information and belief, the NTF officers' conduct was motivated by evil motive and intent, including discrimination against all users of marijuana, regardless of legal status under California law.

41. Moreover, by engaging in the conduct described above, the NTF officers exhibited reckless and callous indifference to the LITTLES' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

**THIRD CLAIM FOR VIOLATION OF 42 U.S.C. § 1983: EXCESSIVE FORCE**

42. The LITTLES re-allege and incorporate by reference each and every previous paragraph as though set forth here in full.

43.     By engaging in the conduct described in paragraphs 1-29 above, the NTF officers violated the Fourth and Fourteenth Amendments to the U.S. Constitution by using excessive force on and effectuating an unreasonable arrest of DEBORAH, an older, seriously ill woman of small stature who posed no threat to the legitimate interests of the NTF officers, via

  a. handcuffing her wrists, placing them behind her back, and placing her in the back of a police cruiser, which caused DEBORAH serious physical discomfort;

  b. leaving on the air conditioning in the police cruiser despite the cold air outside and DEBORAH having informed the NTF officers that she had been suffering from pneumonia for two months;

  c. ordering DEBORAH to remain seated while handcuffed near a hill full of red ants after she expressly informed NTF officers that she was seriously allergic to red ants;

  d. ordering DEBORAH to remain seated while handcuffed outside despite the very cold temperatures and that DEBORAH only was wearing shorts and a t-shirt; and

  e. failing to allow DEBORAH to use the bathroom despite her informing the NTF officers that she could not control her bladder due to radiation damage.

44.     On information and belief, at all times relevant, GORE and ZIMMERMAN each had promulgated, adopted, ratified, and acquiesced to policies, procedures, and

1  customs governing the conduct of police contacts with civilians that lead to arrests of
2  individuals with no regard to whether they can pose a risk of physical resistance and
3  with no regard to the discomfort or pain of those individuals, and such policies,
4  procedures, and customs cause police officers to illegally arrest individuals.
5      45.    As a proximate cause of the NTF officers' conduct and GORE's and
6  ZIMMERMAN's policies, procedures, and customs, DEBORAH suffered serious
7  physical pain, and mental and emotional pain.
8      46.    Upon information and belief, the NTF officers' conduct was motivated by
9  evil motive and intent, including discrimination against all users of marijuana, regardless
10 of legal status under California law.
11     47.    Moreover, by engaging in the conduct described above, the NTF officers
12 exhibited reckless and callous indifference to DEBORAH's rights under the Fourth and
13 Fourteenth Amendments to the U.S. Constitution.

**FOURTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983: *MIRANDA* VIOLATIONS**

16     48.    The LITTLES re-allege and incorporate by reference each and every
17 previous paragraph as though set forth here in full.
18     49.    By engaging in the conduct described in paragraphs 1-29 above, the NTF
19 officers violated the Fifth and Fourteenth Amendments to the U.S. Constitution by
20 interrogating the LITTLES while they were in custody without reading them their rights,
21 as required by *Miranda v. Arizona*, 384 U.S. 486 (1966).

50. As a proximate result of STEVENS' conduct, the LITTLES suffered mentally and emotionally.

51. Upon information and belief, STEVENS' conduct was motivated by evil motive and intent, including discrimination against all users of marijuana, regardless of legal status under California law.

52. Moreover, by engaging in the conduct described above, STEVENS exhibited reckless and callous indifference to the LITTLES' rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

## FIFTH CLAIM FOR VIOLATION OF 42 U.S.C. § 1983: DUE PROCESS VIOLATION

53. The LITTLES re-allege and incorporate by reference each and every previous paragraph as though set forth here in full.

54. By engaging in the conduct described in paragraphs 1-29 above, the NTF officers violated the Fourteenth Amendment to the U.S. Constitution by destroying material, exculpatory evidence.

55. By engaging in the conduct described in paragraphs 1-29 above, the NTF officers also violated the Fourteenth Amendment to the U.S. Constitution by depriving the LITTLES of their marijuana without due process of law.

56. On information and belief, at all times relevant, GORE and ZIMMERMAN each had promulgated, adopted, ratified, and acquiesced to policies, procedures, and customs governing the disposition of evidence in marijuana investigations by which law

enforcement are directed to seize and destroy marijuana and marijuana products soon after collection without regard to the materiality or exculpatory nature of the evidence and without regard to the rights of the owners of the marijuana to seek its return, even in the face of evidence that the marijuana was legally possessed and cultivated.

57. As a proximate cause of the NTF officers' conduct and GORE's and ZIMMERMAN's policies, procedures, and customs, the LITTLES suffered mentally and emotionally and were deprived of their rightful property without due process of law.

58. Upon information and belief, the NTF officers' conduct was motivated by evil motive and intent, including discrimination against all users of marijuana, regardless of legal status under California law.

59. Moreover, by engaging in the conduct described above, the NTF officers' exhibited reckless and callous indifference to the LITTLES' rights under the Fourteenth Amendment to the U.S. Constitution.

WHEREFORE, the LITTLES request that the Court grant the following relief after trial by jury:

60. General and special damages according to proof at trial;

61. Punitive damages against each of the officers sued individually;

62. Attorney's fees pursuant to 42 U.S.C. § 1988(b);

63. Expert fees pursuant to 42 U.S.C. § 1988(c);

64. Costs of suit incurred herein;

65. Interest according to the legal rate; and

66. Such other and further relief as the Court may deem just and proper.

Dated: September 12, 2014          THE LAW OFFICES OF NATHAN SHAMAN

                                                By:    s/ Nathan Shaman
                                                            Nathan A. Shaman, Esq.
                                                            Attorney for Plaintiffs Deborah Little and Dennis Little
                                                            Email: nathan@shamanlegal.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEBORAH DEE LITTLE and DENNIS GEORGE LITTLE

## DEFENDANTS
WILLIAM D. GORE, SHELLEY ZIMMERMAN, MATT STEVENS, EVAN SOBCZAK, PAUL PAXTON, and JUSTIN FAW

(b) County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diego
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Nathan A. Shaman (SBN 272928)
6435 Caminito Blythefield, Suite H
San Diego, CA 92037

Attorneys *(If Known)*: '14CV2181 BAS JMA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Violations of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/12/2014
SIGNATURE OF ATTORNEY OF RECORD: s/ Nathan A. Shaman

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE